HOFFMAN MACHINERY DISTRIBUTORS OF NEW YORK, INC., Plaintiff, *v.* DOUBLE DEE CLEANERS, INC., et al., Defendants.

Supreme Court, Special Term, New York County, June 13, 1962.

*Grossman & Grossman* for plaintiff.  *Gilman & Schwartz* for defendants.

JACOB MARKOWITZ, J.  Plaintiff moves for summary judgment, and to dismiss the counterclaim in this action to recover the balance due under a conditional sales contract, plus interest and attorneys' fees. Defendants move to amend their counterclaim, to dismiss the complaint, and for summary judgment on the counterclaim as amended.  Defendant Leibowitz is the guarantor of the conditional sales contract for the sale of a certain machine by plaintiff to the corporate defendant.  The contract, the guarantee, the amount of defendants' payments, and defendants' default are all admitted.

Defendants assert as their defense and the basis for their counterclaim plaintiff's wrongful retaking and failure to resell the machine.  They allege that this violation of the Personal Property Law bars plaintiff from maintaining this action, and imposes liability upon plaintiff for at least one fourth of the amount paid by defendant under the contract (Personal Property Law, § 80-e).

Defendants move to amend the counterclaim, to assert it on behalf of the corporate defendant, rather than the guarantor, and to change the amount demanded to correct an error in computation.  This motion is granted as these changes correct typographical and mathematical errors and will not prejudice plaintiff.  The other motions will be considered on the basis of the counterclaim as amended.

Plaintiff denies it retook possession of the machine, and submits evidence that the machine was sold by the Sheriff of Nassau

County to a third party. After institution of a replevin action against the third party and another, plaintiff obtained physical possession of the machine. This possession was acquired pursuant to a stipulation between the parties to the replevin action, pending determination of that action. Such possession is temporary and contingent, and not a retaking of possession within section 76 of the Personal Property Law (see *Fisk Discount Corp.* v. *Brooklyn Taxicab Transp. Co.*, 270 App. Div. 491). The fact that plaintiff may later obtain noncontingent and permanent possession of the machine does not bar it from maintaining this action (Personal Property Law, § 80-d). As plaintiff has not retaken possession of the machine, section 80-e of the Personal Property Law is not applicable.

For the reasons stated, defendants' motion to dismiss the complaint is denied. Plaintiff's motion to dismiss the counterclaim is granted. Plaintiff's motion for summary judgment is also granted in the amount of $2,178.50, the admitted balance due of the contract price, plus interest from May 20, 1960, plus attorneys' fees in an amount equal to 15% of the amount due upon the default, excluding the interest.